UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KING A. DOMINGUEZ,                                  Case No. 16-12896

       Plaintiff,                                    Paul D. Borman
v.                                                             United States District Judge

CAPITAL ONE, N.A.,                                Stephanie Dawkins Davis
                                                                  United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION TO DISMISS (Dkt. 5)**

**I.     PROCEDURAL HISTORY AND PLAINTIFF'S COMPLAINT**

On May 4, 2016, plaintiff King A. Dominguez initiated an action against Capital One in the 52nd District Court for the State of Michigan by filing a small claims complaint against Capital One alleging that the claim arose on May 3, 2016 and that defendant committed "violations of [the] fair credit reporting act damaged [his] credit." (Dkt. 1-1, Pg ID 6).[1] Defendant Capital One interpreted plaintiff's complaint as asserting a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq*. and removed the complaint to federal court on August 8, 2016. (Dkt. 1). On June 6, 2016, defendant filed a motion to dismiss the

---

[1] Literally, this is the only factual allegation in the complaint. (Dkt. 1-1, Pg ID 6). The remaining allegations in the complaint relate only to the identification of the parties and the amount of damages claimed. *Id*.

1

complaint for failure to state a claim on which relief may be granted. (Dkt. 5). This matter was referred to the undersigned for all pretrial proceedings by District Judge Paul D. Borman. (Dkt. 6). On November 2, 2016, plaintiff filed a response and on November 3, 2016, defendant filed a reply. (Dkt. 9, 10). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

II.   ANALYSIS AND CONCLUSION

   A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff is also obliged "to provide the grounds of his [or her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted)).

The Supreme Court has raised the bar for pleading requirements beyond the

old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 677. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Iqbal*, 556 U.S. at 678.

    B.    <u>FCRA</u>

Defendant moves to dismiss plaintiff's complaint because it fails to comply with Rule 8(a), which requires a short and plain statement showing that the pleader is entitled to relief. Even applying a liberal construction to plaintiff's complaint, defendant maintains that plaintiff fails to set forth any operative facts

on which his claim is based.  In his response to the motion to dismiss, plaintiff provides some additional factual background:

> The Plaintiff applied for a refinance of his residential mortgage because his interest rate was well above the current market rates available and the Plaintiff has a mortgage balance of $259,869 at the time of mortgage application. Plaintiff was denied the refinance due to his FICO credit scores being insufficient to qualify for a refinance. Costing the Plaintiff tens of thousands of dollars in interest savings over the course of the amortization of the loan and its payoff.  Upon further examination of his credit report Plaintiff discovered multiple erroneous reports on his credit report by Capital One N.A. Plaintiff contacted Capital One and asked that these erroneous damaging reports on his credit report be deleted in its entirety. Plaintiff reported to Capital One that the account did not belong to him and he was not responsible for any reporting of delinquencies on his credit report. Plaintiff requested proof from Capital One of this account and was not provided any. The Plaintiff's [sic] was not afforded the opportunity to dispute inaccurate information and unverifiable information placed on his consumer report. Capital One is obligated to delete information it can't verify. Under the Fair Credit Reporting Act creditors are not required to report to credit reporting agencies, however if they do report they are required to report accurate information.
>
> Capital One was notified both by the Plaintiff and the district court by way of case filing of discrepancies of its reporting on the Plaintiff's reports, but has taken no action to date to update the credit report that this is information is disputed by the Plaintiff on his consumer credit report. These actions and lack of actions after notification constitute willful noncompliance on Capital One's part of 15 U.S. code 1681n civil liability for willful noncompliance.

4

(Dkt. 9, Pg ID 29-30).  Defendant points out that none of these allegations were made in the complaint, that plaintiff has not moved to amend his complaint, and that even if he were allowed to assert such allegations, they still fail to state a claim under the FCRA.

The undersigned agrees with defendant.  As an initial matter, the only allegation in plaintiff's complaint – that defendant "committed violations of [the] fair credit reporting act damaged [his] credit" – fails, on its face, to state a claim as matter of law.  At best, plaintiff has merely provided a "label and conclusion" and no factual support for his claim.  *See Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.  Plaintiff's complaint simply does not plead the factual content necessary for the court to draw a reasonable inference that defendant is liable for any violation of the law.  Thus, it fails to state a claim.  *See Iqbal*, 556 U.S. at 678.

Additionally, even if the Court were to consider the allegations contained in the response to the motion to dismiss, plaintiff still fails to state a claim.  As explained in *LaBreck v. Mid-Mich Credit Bureau*, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016), the FCRA regulates the field of consumer reporting and governs the collection and use of consumer credit information.  The purpose of the Act is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15

U.S.C. § 1681(b).  The Act covers three main actors: (1) credit reporting agencies; (2) users of consumer reports; and (3) furnishers of information to credit reporting agencies.  *LaBreck*, at *2 (citing *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734, 736 (N.D. Ohio 2005)).  Like the plaintiff in *LaBreck*, it appears from the instant complaint that plaintiff considers defendant to be a "furnisher of information" within the meaning of 15 U.S.C. § 1681s-2(a).  *LaBreck* notes that while § 1681s-2 does not define "furnisher," courts have defined the term as "any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies."  *Carney v. Experion Information Solutions, Inc.*, 57 F.Supp.2d 496, 501 (W.D. Tenn. 1999).  The FCRA imposes two general duties on furnishers of information to a credit reporting agency: (1) a duty to provide accurate information, § 1681s-2(a); and (2) a duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency, § 1681s-2(b).  *LaBreck*, at *2.

Here, regardless of which theory plaintiff was trying to pursue, his complaint (even considering his response to the motion to dismiss) fails to state a claim on which relief may be granted.  As explained in *LaBreck*, there exists no private cause of action for consumers against furnishers of information for failure to comply with § 1681s-2(a).  *Id.* (citing *Sanders v. Mountain America Fed. Credit Union*, 689 F.3d 1138, 1147 (10th Cir. 2012); *Huertas v. Galaxy Asset Mgmt.*, 641

6

F.3d 28, 34 (3d Cir. 2011); *Nelson v. Chase Manhatten Mortg. Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002); *Elsady v. Rapid Global Business Solutions, Inc.*, 2010 WL 2740154, at *5 (E.D. Mich. Jul. 12, 2010); *Ruggiero*, 411 F. Supp. 2d at 736; *Carney*, 57 F.Supp.2d at 502). Rather, enforcement of the duty to provide accurate information is expressly limited by the statute to specific federal agencies and officials. *LaBreck*, at *2 (citing 15 U.S.C. § 1681s-2(d)). Thus, plaintiff cannot sue defendant for allegedly furnishing inaccurate information under § 1681s-2(a).

In contrast, a violation of § 1681s-2(b) can be pursued via a private legal cause of action. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012). A claim under § 1681s-2(b) claim requires a plaintiff to allege and prove: 1) that the duties under § 1681s-2(b) were triggered by defendant's receipt of notice from a consumer reporting agency that the information at issue was being disputed by the plaintiff; and 2) that the defendant did not comply with the statutorily required duties. *Baker v. JP Morgan Chase Bank*, 2017 WL 395092, at *4 (M.D. Tenn. Jan. 30, 2017), report and recommendation adopted sub nom. *Baker v. JP Morgan Chase Bank*, 2017 WL 841141 (M.D. Tenn. Mar. 2, 2017) (citing *Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir. Feb. 9, 2004); *Burgess*, 2010 WL 1752028 at *2). Importantly, "the duty of a furnisher of credit information to investigate a credit dispute under Section 1681s-2(b) is

7

triggered only after the furnisher receives notice of the dispute from a consumer reporting agency. Notification from a consumer is insufficient." *Baker*, at *4 (quoting *Westbrooks v. Fifth Third Bank*, 2005 WL 3240614, *4 (M.D. Tenn. Nov. 30, 2005)). Thus, plaintiff's act of contacting defendant on his own about the disputed information fails to trigger any duties under § 1681s-2(b). Simply put, plaintiff has not alleged in his complaint that he disputed a debt with a credit reporting agency, triggering the duty to investigate by defendant as a furnisher or that defendant failed to conduct such an investigation or comply with any other statutory duty. Thus, he has failed to state a claim on which relief may be granted under § 1681s-2(b).

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 23, 2017                    s/Stephanie Dawkins Davis
                                       Stephanie Dawkins Davis
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>June 23, 2017</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: <u>King A. Dominguez, 3657 Hollenshade Drive, Rochester Hills, MI 48306.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov